UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Talmadge Evans, Jr., #271480, | ) | C/A No.2:09-1417-JFA-RSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Dr. Wadman, | ) | **Report and Recommendation** |
| | ) | |
| Defendant. | ) | |
| | ) | |

The Plaintiff, Talmadge Evans, Jr.(Plaintiff), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Perry Correctional Institution (PCI), a facility of the South Carolina Department of Corrections (SCDC), and files this action *in forma pauperis* under 28 U.S.C. § 1915. The complaint names a PCI physician, Dr. Wadman, as the sole Defendant.[2] Plaintiff, who seeks monetary damages and injunctive relief, claims the Defendant has been deliberately indifferent to his medical needs. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

<u>Pro Se and *In Forma Pauperis* Review</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff states that, in March, he was taking fifteen (15) milligrams of an anxiety medication called "buspar." Plaintiff indicates that he told Dr. Wadman that the medication caused him to feel "hot and dizzy." Dr. Wadman reduced Plaintiff's dosage to ten (10) milligrams. Plaintiff states he continued to have problems with the medication and made a request to see Dr. Wadman for a follow-up. Plaintiff was again seen by Dr. Wadman, who took Plaintiff off of the medication. Plaintiff states that he was, thus, denied proper medical attention. Plaintiff asks the Court to: (1) award him monetary damages; (2) put him back on his

medication; and (3) Order that Dr. Wadman be terminated from the Department of Corrections.

## Discussion

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In *Estelle v. Gamble*, the Supreme Court also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Id.* at 105. Further, in *Miltier v. Beorn*, the Fourth Circuit Court of Appeals noted that the medical treatment at issue "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness" and that "mere negligence or malpractice does not violate the [Constitution]." *Miltier v. Beorn*, 896 F.2d 848, 851-852 (4th Cir. 1990)(citation omitted).

The instant complaint indicates that the Plaintiff received medical attention from Dr. Wadman on at least two occasions. Plaintiff states that Dr. Wadman responded to his medical concerns by reducing and then stopping Plaintiff's buspar prescription. However, Plaintiff claims that Dr. Wadman should have further reduced his medication, rather than terminating the prescription. Thus, the Plaintiff admits that the Defendant provided medical attention, but complains that "proper medical attention" was denied.

Although the provision of medical care by prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary. *See Brown v. Thompson*, 868 F. Supp. 326, 329, n. 2 (S.D. Ga. 1994)(collecting cases). Further, while the Constitution requires that prisoners be provided with a certain minimum level of medical treatment, "it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). In the present action, the Plaintiff clearly received medical attention for his concerns regarding his reaction to the drug buspar. Thus, the Defendant was not deliberately indifferent to the Plaintiff's serious medical need.

To the extent the Plaintiff may be claiming negligence or incorrect medical treatment, his claims are also subject to dismissal. The law is well settled that negligence, in general, is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 328-336 & n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-348 (1986); *Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995)(*Daniels* bars an action under § 1983 for negligent conduct); *Ruefly v. Landon*, 825 F.2d 792, 793-794 (4th Cir. 1987). Similarly, medical malpractice, a state law tort, is not cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. at 106 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner"). As Plaintiff's allegations do not rise to the level of deliberate indifference to medical needs, and negligence/medical malpractice are not

constitutional violations under § 1983, the complaint should be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).[3]

### Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance of service of process. Plaintiff's attention is directed to the important notice on the next page.

Robert S. Carr
United States Magistrate Judge

June 24, 2009
Charleston, South Carolina

---

[3] 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Plaintiff indicates that he has not filed an administrative grievance concerning the issues raised in this action. Thus, it is noted that the Plaintiff has not exhausted his administrative remedies for this claim.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).